UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

THOMAS J. WEGA,

     Plaintiff,

  v.

CENTER FOR DISABILITY RIGHTS, INC.,

     Defendant.

_____

DECISION & ORDER

06-CV-6375T

## PRELIMINARY STATEMENT

By order dated August 17, 2006, the above-captioned matter has been referred to the undersigned for the supervision of pretrial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(A) and (B). (Docket # 4). Plaintiff, Thomas Wega ("Wega"), has filed suit against his former employer, the Center for Disability Rights, Inc. ("CDR"), alleging that CDR unlawfully terminated his employment in violation of the Americans with Disabilities Act. (Docket # 21). Currently before this Court is Wega's motion to disqualify Matthew Fusco, Esq., and the firm of which he is a member, Chamberlain, D'Amanda, Oppenheimer & Greenfield LLP ("Chamberlain D'Amanda"), from representing CDR in this action. (Docket # 25). For the following reasons, Wega's motion is denied.

## DISCUSSION

During his employment with CDR, which spanned the period December 2002 through August 2004, Wega held the position of Director of Human Resources and Training.

(*See* Docket # 21 at ¶ 7).  In the summer of 2003, an employee of CDR filed a claim against CDR

with the New York State Division of Human Rights (the "DHR") alleging that she had been

subjected to sexual harassment by a CDR client.  In response to that complaint, Bruce Darling,

Executive Director of CDR, instructed Wega to retain Fusco's services to represent CDR in

connection with the sexual harassment complaint.  During the course of that representation,

Fusco met with several employees of CDR, including Wega, to prepare for a two-party

conference before the DHR and subsequently appeared at the conference accompanied by Wega.

In addition, Wega retained and worked with a different attorney from Chamberlain D'Amanda

concerning a real estate transaction that CDR engaged in 2004.  Mr. Fusco had no involvement in

that transaction, and the attorney who did is no longer a member of the firm.  (*See* Docket ## 25,

28, 29).


## DISCUSSION

It is well-settled that a lawyer's duty to his client is that of a fiduciary or trustee.

*Cinema 5, Ltd. v. Cinerama, Inc.*, 528 F.2d 1384, 1386 (2d Cir. 1976) (citing *Hafter v. Farkas*,

498 F.2d 587, 589 (2d Cir. 1974)).  The client is entitled to trust that, at least until the pending

litigation concludes, he has his counsel's undivided loyalty as an advocate and champion and

may "rely upon his undivided allegiance and faithful, devoted service." *Id.* (citations and internal

quotation omitted).

Disqualification of counsel is generally disfavored, and the moving party thus

must satisfy "a high standard of proof" to demonstrate that disqualification is justified.  *Evans v.*

*Artek Sys. Corp.*, 715 F.2d 788, 791 (2d Cir. 1983); *Wieme v. Eastman Kodak Co.*, 2004 WL

2271402, * 1 (W.D.N.Y. 2004).  Careful scrutiny of disqualification motions is warranted because "disqualification has an immediate adverse effect on the client by separating him from counsel of his choice, and [because] disqualification motions are often interposed for tactical reasons."  *Board of Educ. of City of N.Y. v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979); *Wieme v. Eastman Kodak Co.*, 2004 WL 2271402 at * 2.  That said, although motions to disqualify are not lightly granted, any doubts must be resolved in favor of disqualification.  *Hull v. Celanese Corp.*, 513 F.2d 568, 571 (2d Cir. 1975); *Wieme*, 2004 WL 2271402 at * 2.

In this matter, Wega's motion is premised upon two separate grounds.  First, Wega contends that disqualification is necessary as a result of his prior professional relationship with Fusco.  As a second basis, Wega asserts that Fusco's disqualification is appropriate because he may be called as a witness during this litigation.  (Docket # 25).

Wega's first contention implicates Disciplinary Rule (DR) 5-108 of the American Bar Association's Code of Professional Responsibility.  That rule prohibits an attorney from representing a person whose interests are materially adverse to a former client in a matter that is substantially related to that former client's matter.  DR 5-108.  Disqualification is mandated under the "substantial relationship" test when the subject matter of the present litigation "is sufficiently related to the scope of the matters on which [the] firm represent[ed] [the former client so] as to create a realistic risk ... that unfair advantage will be taken of the [former client]." *Wieme*, 2004 WL 2271402 at * 2 (quoting *Glueck v. Jonathan Logan, Inc.*, 653 F.2d 746, 750 (2d Cir. 1981)).  "Sufficient relationship" between the issues generally means that they are "identical" or "essentially the same."  *Gov't of India v. Cook Indus., Inc.*, 569 F.2d 737, 740 (2d Cir. 1978).

3

According to the Second Circuit, an attorney may be disqualified from representing a client in a particular case under this rule if:

> (1) the moving party is a former client of the adverse party's counsel;
>
> (2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues of the present lawsuit; and
>
> (3) the attorney whose disqualification is sought had access to, or was likely to have had access to, recent privileged information in the course of his prior representation of the client.

*United States v. DiTommaso*, 817 F.2d 201, 219 (2d Cir. 1987); *Evans v. Artek Sys. Corp.*, 715 F.2d at 791. If the first two prongs are met, satisfaction of the third is presumed. *Wieme*, 2004 WL 2271402 at * 2.

Here, Wega cannot satisfy any of the three prongs of the substantial relationship test. Wega was not a former client of Fusco's; rather, Wega's employer, CDR, was the client. That Wega provided some limited assistance with the representation does not create or imply the existence of an attorney-client relationship between Wega and CDR's attorney. *See Correspondent Servs. Corp. v. J.V.W. Inv. Ltd.*, 2000 WL 1174980, *13 (S.D.N.Y. 2000) ("an attorney's representation of a corporation does not make that attorney counsel to the corporate officers and directors as individuals"); *Stratton Group, Ltd. v. Sprayregen*, 466 F. Supp. 1180, 1185 n.3 (S.D.N.Y. 1979) ("[t]he fact that an attorney represents a corporation does not thereby make that attorney counsel to the individual officers and directors thereof"); *see also In re Richard Roe, Inc.*, 168 F.3d 69, 72 (2d Cir. 1999) (attorney-client privilege between corporation counsel and corporation belongs to corporation, not its employee) (citations omitted); *United States v. Int'l Bhd. of Teamsters*, 119 F.3d 210, 215 (2d Cir. 1997) ("any privilege that attaches to

4

communications on corporate matters between corporate employees and corporate counsel belongs to the corporation, not to the individual employee").

In addition, as Wega concedes, no substantial relationship exists between this case and the prior matter handled by Fusco.  The prior case involved a claim of sexual harassment by another employee involving a client of CDR.  This case involves a claim of disability discrimination by Wega himself involving employment decisions by his supervisors.  *See Wieme*, 2004 WL 2271402 at * 4 ("[t]here is no evidence, or even allegation, that the cases at bar and those that plaintiffs' counsel previously worked on for Kodak involved any of the same decisionmakers or employees, or that any policy or practice of Kodak is common to the current and prior cases").  Similarly, the real estate transaction with which Wega was involved is not factually related to the pending discrimination claim.  Nor has any showing, or even suggestion, been made that Wega communicated privileged information to Fusco or any other Chamberlain D'Amanda attorney during the course of the prior legal matters.  Accordingly, I find that Wega has not demonstrated the existence of a substantial relationship between Fusco and his firm, on the one hand, and Wega, on the other.

Turning to the second basis of Wega's motion, it implicates Disciplinary Rule 5-102, commonly referred to as the attorney-witness rule.  That rule requires an attorney's disqualification from any case in which the attorney "ought" to be called as a witness by his client.  DR 5-102(A).  DR 5-102(B) mandates disqualification in cases in which the attorney may be called as a witness by the opposing party "on a significant issue . . . and it is apparent that the testimony would or might be prejudicial to [his] client."  DR5-102(B).  Motions to disqualify

under the attorney-witness rule are likewise viewed with "fairly strict scrutiny." *Lamborn v. Dittmer*, 873 F.2d 522, 531 (2d Cir. 1989).

Wega's motion does not clearly identify that portion of DR 5-102 that he believes applies. During oral argument, Wega's counsel affirmed that he does not intend to call Fusco as a witness, but assumes that CDR does so. CDR, through Fusco, emphatically disclaimed any intention of doing so. *But see Berman v. Parco*, 1996 WL 465749, *5 (S.D.N.Y. 1996) (test is "not whether the defendant presently plans to call the attorney, but whether the attorney 'ought' to be called") (quoting *J.P. Foley & Co. v. Vanderbilt*, 523 F.2d 1357, 1359 (2d Cir. 1975)).

"The phrase 'ought to be called as a witness' has been construed to include an attorney who has crucial information in his possession that must be divulged in the course of trial." *Berman v. Parco*, 1996 WL 465749 at *6 (quoting *Wickes v. Ward*, 706 F. Supp. 290, 292 (S.D.N.Y. 1989)). *See Kubin v. Miller*, 801 F. Supp. 1101, 1113 (S.D.N.Y. 1992) ("[a]n attorney ought to testify on behalf of his client if his testimony could be significantly useful to his client and it is necessary to his client's case") (citations omitted). In considering the necessity of an attorney's testimony, the Court must examine such factors as "the significance of the matters, weight of the testimony, and availability of other evidence." *Id.* at 1113 (quoting *S & S Hotel Ventures Ltd. P'ship v. 777 S.H. Corp.*, 69 N.Y.2d 437, 446 (1987)). If the attorney's testimony would merely be cumulative of that offered by other witnesses or available through other evidence, then disqualification is not required. *Parke-Hayden, Inc. v. Loews Theatre Mgmt. Corp.*, 794 F. Supp. 525, 528 (S.D.N.Y. 1992).

Here, Wega has failed to demonstrate how Fusco's testimony is necessary or material to this litigation. He argues simply that Fusco is "available" as a witness based upon

"his extensive opportunity to observe and evaluate Plaintiff while working with him."  (Docket # 31 at 2).  The record before this Court does not, however, support the assertion that Fusco had "an extensive opportunity to observe and evaluate plaintiff."  Fusco was not Wega's co-worker or supervisor, but merely served as outside counsel to Wega's employer.  Indeed, it appears that Fusco interacted with Wega only on two brief occasions during Fusco's representation of CDR in defense of a sexual harassment claim.  Nothing in the record suggests that Wega had any more extensive interaction with outside counsel in connection with the real estate transaction.  Thus, any evidence that might be elicited from Fusco is likely to be available through other sources, who are also likely to have had more direct contact with Wega.  Wega's motion for disqualification pursuant to the attorney-witness rule is therefore denied.

Finally, CDR's request for an award of costs and attorney's fees based upon the perceived delay in bringing this motion is denied.  Although I deny Wega's disqualification motion, I find no evidence to suggest that it has been filed in an effort to gain a tactical advantage.  Wega represents that he did not immediately recognize the potential implications of his prior interactions with Fusco.  (Docket # 25-3).  When he finally brought the issue to his counsel's attention, counsel acted with reasonable dispatch to raise the matter with the Court.  (Docket # 25-2).  Accordingly, I do not believe that sanctions are appropriate.

<u>**CONCLUSION**</u>

For the foregoing reasons, it is my Decision and Order that Wega's motion to disqualify Matthew Fusco, Esq. and the law firm Chamberlain, D'Amanda, Oppenheimer & Greenfield LLP from representing the CDR in this action **(Docket # 25)** is **DENIED**.

**IT IS SO ORDERED.**

_s/Marian W. Payson_
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
        March   31  , 2008